UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN BRICKLAYERS
AND ALLIED CRAFTWORKERS HEALTH
CARE FUND, TRUSTEES OF MICHIGAN
BRICKLAYERS AND ALLIED CRAFTWORKERS
PENSION FUND, TRUSTEES OF MICHIGAN         Case No.  09-10980
BRICKLAYERS AND ALLIED CRAFTWORKERS        Hon. David M. Lawson
APPRENTICESHIP AND TRAINING FUND,
TRUSTEES OF BRICKLAYERS AND TROWEL
TRADES INTERNATIONAL PENSION FUND,
TRUSTEES OF INTERNATIONAL MASONRY
INSTITUTE, INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFTWORKERS,
AFL-CIO, and INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFTWORKERS,
LOCAL 9, AFL-CIO,
                      Plaintiffs,
v.

ORLANDO & SONS, INC.,

                      Defendant.
_____/

## ORDER GRANTING THE PLAINTIFFS' MOTION TO STRIKE THE DEFENDANT'S ANSWER TO THE COMPLAINT AND STRIKING THE DEFENDANT'S ANSWER

      The matter is before the Court on the plaintiffs' motion to strike the defendant's answer to the complaint that was filed following the entry of default by the Clerk of the Court.  The plaintiffs filed this action under sections 502 and 515 of the Employee Retirement Income Security Act and section 301(a) of the Labor Management Relations Act against the defendant on March 17, 2009.  The defendant failed to answer to the complaint within the time allowed by the Federal Rules of Civil Procedure, and the Clerk entered default on April 29, 2009.  The parties stipulated to set the default aside, and the Court ordered on May 14, 2009 that the defendant respond to the complaint on or before May 28, 2009.  The defendant failed to do so, and the Clerk again entered a default on

June 4, 2009. A party as to whom a default has been filed may not file a responsive pleading until the default is set aside. *Cf. Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. Jan. 31, 2006) (noting that a party must obtain permission before filing a tardy answer). The defendant represented to the Court on June 11, 2009 it had secured another stipulation from the plaintiffs to set the default aside, but the plaintiffs vehemently dispute that representation. In their motion to strike the defendant's answer to the complaint filed on June 11, 2009, the plaintiffs claim that they have never stipulated to set aside the most recent default and the defendant's answer therefore should be stricken. Because there has been no agreement to set aside the latest default, and the defendant has not moved to set it aside, the defendant may not file its answer. The Court finds the plaintiffs' position reasonable, and will strike the defendant's answer filed after the Clerk's entry of default.

Accordingly, it is **ORDERED** that the plaintiffs' motion to strike the defendant's answer to the complaint [dkt. # 16] is **GRANTED**.

It is further **ORDERED** that the defendant's answer to the complaint [dkt. # 12] is **STRICKEN**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: August 10, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2009.

s/Lisa M. Ware
LISA M. WARE